# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

CRAIG MICHAEL KIRK,

        Plaintiff,

                                                    **Civil Action 2:09-cv-0583**

vs.                                           **Judge James L. Graham**

                                                    **Magistrate Judge E.A. Preston Deavers**

MUSKINGUM COUNTY OHIO, *et al.*,

        Defendants.


## REPORT AND RECOMMENDATION

## I.  BACKGROUND

Plaintiff filed this action *pro se* on July 8, 2009, alleging several violations of his constitutional rights.  Specifically, Plaintiff asserts that Defendants violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights.  Plaintiff seeks damages pursuant to 42 U.S.C. § 1983.

### A. THE TRAFFIC STOP, ARREST, AND SUBSEQUENT CONVICTIONS

On September 1, 2007, Officer Jay Schilling, a Village of Frazeysburg Police Officer, pulled over Plaintiff who was driving in his car.  Despite Officer Schilling's request, Plaintiff failed to produce any form of written identification.  Officer Schilling placed Plaintiff under arrest.  At the request of Officer Schilling, J & R Towing impounded the Defendant's vehicle and conducted an inventory search.  J & R Towing returned the vehicle to Plaintiff after he paid an impoundment fee.

Following the arrest, Officer Schilling transported Plaintiff to an Ohio State Highway

Patrol Post. At the patrol post, Plaintiff refused an alcohol breathalyser test. Ultimately, Plaintiff was charged in Muskingum County Court Case No. TRC 0705102 with refusing to be tested for operating a motor vehicle while impaired in violation of Ohio Rev. Code § 4511.19, Driving Under Suspicion of being impaired in violation of Ohio Revised Code § 4510.11, and a head light violation pursuant to Ohio Revised Code § 4513.04. (Doc. 19–1.) Plaintiff was found guilty of each offence and sentenced to sixty days in jail. (*Id.*)

Although Plaintiff's *pro se* Complaint at times lack clarity, Plaintiff appears to raise various constitutional claims regarding the traffic stop, arrest, and his subsequent convictions. Plaintiff contends that Officer Schilling violated his rights by performing an illegal traffic stop, search, and arrest without probable cause. Additionally, Plaintiff asserts that J & R Towing violated his rights by impounding and searching his car. Finally, Plaintiff brings causes of action against the Village of Frazeysburg and Police Chief Cliff Bigler for their roles in the matter.

## B. MUSKINGUM COUNTY JAIL

On or about January 3, 2008, Plaintiff began his sentence at Muskingum County Jail. According to Plaintiff's Complaint, he was released on March 3, 2008. The Complaint asserts that during his sixty days in jail he had a number of altercations with jail employees. Plaintiff specifically contends that jail employees requested his social security number; ordered Plaintiff to take medical shots; ignored Plaintiff's requests for a chest x-ray; improperly promoted Christianity; denied Plaintiff access to legal material; and participated in the unauthorized practice of law.

Plaintiff raises claims against Defendants Muskingum County Ohio, Deputy Sheriff Brad Shawger, Shane Love, Probation Officer Shawn Brady, Deputy Sheriff John Winters, Deputy Sheriff John Lane, Sheirff Matt Lutz and Sheriff Robert Stephenson for alleged constitutional

violations occurring at Muskingum County Jail.

## II. MOTIONS TO STRIKE AMENDED COMPLAINT

Several Defendants filed Motions to Strike Plaintiff's First Amended Complaint. Plaintiff, without the Court's permission, filed his Amended Complaint on October 14, 2009, over three months after he filed his original Complaint.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings "21 days after serving it." Fed. R. Civ. P. 15(a)(1). If the party fails to amend its pleading within this period it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

In this case, the record indicates that Plaintiff filed his Amended Complaint without the consent of Defendants or the Court's permission. Accordingly, Defendants' Motions to Strike First Amended Complaint (Doc. 42, 43) are **GRANTED**.

## III. MOTION FOR MORE TIME TO AMEND THE COMPLAINT

On April 20, 2010, Plaintiff filed his Motion for More Time to Amend the Complaint. In the pretrial conference the Court gave the parties until April 17, 2010 to file motions to amend the pleadings. Plaintiff requests that the Court extend this date until July 16, 2010. Plaintiff contends that there are a number of reasons for the extension including the possibility of adding a Defendant.

Pursuant to Federal Rule of Civil Procedure 15(a), the Court may allow a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, the Court may exercise discretion and deny a motion to amend for several reasons including "undue delay . . . [or] futility of amendment." *Pedreira v. Kentucky Baptist Home for Children, Inc.*, 579 F.3d 722, 729 (6th Cir. 2009)(quoting *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007)).

Furthermore, "[o]nce the scheduling order's deadline to amend the complaint passes . . . 'a plaintiff first must show good cause under Rule 16(b) . . . for failure earlier to seek leave to amend.'" *Ruschel v. Nestle Holdings, Inc.*, 89 Fed. Appx. 518, 521 (6th Cir. 2004)(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court then "must evaluate prejudice to the nonmoving party 'before [it] will [even] consider whether amendment is proper under Rule 15(a).'" *Id.* (quoting *Foman*, 371 U.S. at 182). Under Federal Rule of Civil Procedure 16(b) the primary measure of the "good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal citations omitted).

In this case, the Court finds that Plaintiff has failed to meet the good cause standard of Rule 16(b). Plaintiff filed his original Complaint on July 8, 2009. Thus, Plaintiff had over nine months to file a motion to amend his complaint by the Court's April 17, 2010 deadline, which he failed to do. Although Plaintiff's Motion for More Time to Amend the Complaint makes a number of conclusory accusations against Defendants and third parties, it fails to provide sufficient detail for the Court to determine that Plaintiff has acted with the necessary diligence to demonstrate good cause. Furthermore, allowing Plaintiff to amend his complaint at this stage would no doubt create a hardship on the numerous Defendants as they prepare to meet the other pretrial deadlines in this case. Even if the Court were to conclude that Plaintiff has satisfied the good cause standard, because Plaintiff has failed to attach an amended complaint to his Motion or detail what he would specifically amend in his complaint, the Court cannot assess whether granting leave would be appropriate under Rule 15(a). *See Colidron v. Farley*, 2:08-CV-745, 2009 WL 2147778 at *2 (S.D. Ohio 2009)("[W]ithout a proposed amended complaint, there is no way for this Court to determine if granting leave is appropriate, *i.e.*, in the interest of

justice.").

Accordingly, Plaintiff's Motion for More Time to Amend the Complaint (Doc. 68) is

**DENIED**.

## IV. MOTIONS FOR JUDGMENTS ON THE PLEADINGS[1]

Defendants Village of Frazeysburg, Chief Bigler, Officer Schilling, James E. Smith *doing business as* J & R Towing, and Jim Lawler all filed Motions for Judgment on the Pleadings. For the reasons that follow it is **RECOMMENDED** that the Court **GRANT** Defendants' Motions for Judgment on the Pleadings with respect to Chief Bigler, James E. Smith, and Jim Lawler, and **DENY** with respect to Officer Schilling and the Village of Frazeysburg.

### A. STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding on a Rule 12(c) motion, the Court "must take all the 'well-pleaded material allegations of the pleadings of the opposing party' as true." *Cincinnati Ins. Co. v. Beazer Homes Inv., LLC*, 594 F.3d 441, 445 (6th Cir. 2010)(quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006)). The Court may grant a motion for judgment on the pleadings when the "moving party is entitled to judgment as a matter of law." *Id.* (internal citation omitted).

To survive a motion for judgment on the pleadings Plaintiff's "factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and

---

[1]The Court recognizes that Defendants' motions for judgment on pleadings do ask, in the alternative, for summary judgment. Nevertheless, the Court determines it would be premature at this time to consider issues of summary judgment, and therefore, will only address the motions for judgment on the pleadings. Defendants are free to file motions for summary judgment by the December 3, 2010 deadline.

the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible." *Fritz v. Charter Twp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Nevertheless, the Court holds *pro se* plaintiffs "to a less stringent pleading standard than a party with an attorney." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Despite this more lenient standard, *pro se* plaintiffs are still subject to pleading requirements. *Dotson v. Collins*, 317 Fed. Appx. 439, 443 (6th Cir. 2008).

## B. APPLICATION OF THE *HECK* DOCTRINE

In their Motions for Judgments on the Pleadings Defendants' primary assertion is that Plaintiff has no cognizable claims under 42 U.S.C. § 1983 because such action cannot be maintained unless his conviction or sentence has been invalidated. Because no state court ever set aside Plaintiff's convictions, Defendants maintain that he cannot proceed on his § 1983 action.

The United States Supreme Court has held that, in assessing a § 1983 claim, the Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If the claim would render a conviction or sentence invalid, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Nevertheless, the United States Court of Appeals for the Sixth Circuit has joined several of its sister circuits in holding that "*Heck's* favorable-termination requirement cannot be imposed against § 1983 plaintiffs who lack a habeas option for vindication of their federal rights." *Powers v. Hamilton County Pub. Defenders Comm'n*, 501 F.3d 592, 603 (6th Cir. 2007). In *Powers*, the Sixth Circuit determined that a plaintiff who had been imprisoned "for at least one, but not more than thirty, days" had no way of "obtain[ing] habeas review for his incarceration."

*Id.*

This case presents strikingly similar circumstances to those of the *Powers* decision. Here, Plaintiff was imprisoned for sixty days. A requirement for habeas corpus review is that the person seeking review be "in custody." 28 U.S.C. § 2254. Like the plaintiff in *Powers*, Plaintiff was not "in custody' long enough to have obtained habeas review within his short period of incarceration.[2] Consequently, the *Heck* doctrine does not apply to Plaintiff's claims in this case. *See Ballanger v. City of Lebanon*, No. 1:07-CV-00256, 2008 WL 4279583 at *4–5 (S.D. Ohio 2008)(holding that the *Heck* doctrine did not apply to a plaintiff incarcerated for forty-five days).

Accordingly, the Court rejects Defendants' primary contention that the *Heck* doctrine prohibits Plaintiff from having a cognizable § 1983 claim.

### C. DEFENDANTS SMITH AND LAWLER

Defendants Smith and Lawler maintain that even if the *Heck* doctrine does not apply, they are entitled to judgment as a matter of law. For the reasons that follow, the Court finds that Defendants Smith and Lawler are correct.

Plaintiff's claims against Defendants James E. Smith and Jim Lawler arise from the impoundment and inventory search of Plaintiff's car after Officer Schilling placed him under arrest.[3] (Compl. ¶ 45–50.) Plaintiff asserts that all of these actions took place without probable

---

[2] Specifically, sixty days would not have been long enough to obtain habeas review, as Plaintiff would not have been able to meet all the habeas procedural requirements. For example, before a habeas corpus court may grant relief, a state prisoner must bring a constitutional claim for relief in the state's highest court in order to satisfy the exhaustion requirement. *See* 28 U.S.C. § 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

[3] It is important to separate the two different search claims that Plaintiff raises. Plaintiff's first claim is that Officer Schilling performed an unlawful search of his car. (Compl. ¶ 38.) Plaintiff does not contend that either Defendant Smith or Lawler participated in this search. The second search, in which Defendants Smith and Lawler were allegedly involved, was the

cause.  (*Id.* at ¶ 47.)  The Complaint also contends that J & R Towing would not release his car, until Plaintiff paid a $182 impoundment fee.  Plaintiff's maintains that because no probable cause existed at the time Defendants towed and impounded Plaintiff's vehicle, Defendants' conduct was a trespass against his property.

Even construing his Complaint liberally, Plaintiff fails to meet the pleading requirements for his claims against Defendants Smith and Lawler.  In order to plead a cause of action under § 1983, Plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution of laws of the United States (2) *caused* by a person acting under color of state law."  *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008)(citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)) (emphasis added).

Assuming that J & R Towing is a state actor,[4] Plaintiff's claims against Defendants Lawler and Smith still fail as a matter of law.  Specifically, Plaintiff's claims against Defendants Lawler and Smith are based on the impoundment of his vehicle.  Pursuant to "'community caretaking functions,' and in the interests of public safety, police officers frequently assume custody of automobiles."  *Bybee v. City of Paducah*, 46 Fed. Appx. 735, 737 (6th Cir. 2002)(citing *South Dakota v. Opperman*, 428 U.S. 364, 368 (1976)). Consequently, when taking a person in custody, police will generally have the authority to impound the vehicle.  *See, e.g.*, *Mechler v. Hodges*, No. C-1-02-948, 2005 WL 1406102 at *16 (S.D. Ohio 2005) ("The Fourth Amendment does not

---

inventory search before impoundment.  (Compl. ¶ 48.)

[4] The Court expresses doubt that these Defendants were state actors.  Nevertheless, in an abundance of caution, the Court proceeds with the § 1983 analysis because private individuals when "engaged with state officials in [a] prohibited action, are acting under color of law."  *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)(quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

require a police officer to allow an arrested person to arrange for another person to pick up his car to avoid impoundment."). In addition to the impoundment of his vehicle, Plaintiff asserts a cause of action against Defendants Lawler and Smith for the inventory search they performed on his vehicle directly proceeding impoundment. Nevertheless, "[i]nventory searches undertaken pursuant to standard police procedures are reasonable." *United States v. Musick*, 291 Fed. Appx. 706, 721 (6th Cir. 2008). The Court therefore permits a search of a vehicle for inventory "prior to impoundment, even if the police have no probable cause to otherwise search the vehicle." *United States v. Campbell*, 486 F.3d 949, 958 (6th Cir. 2007) (citing *South Dakota v. Opperman*, 428 U.S. 364, 375 (1976)).

Even construed liberally, Plaintiff has failed to plead sufficient facts to establish that J & R Towing *caused* the alleged constitutional violations. Specifically, Plaintiff does not plead any facts that raise questions about the constitutionality of the impoundment and inventory search themselves. In fact, Plaintiff's Complaint indicates that an impoundment was likely necessary, as Officer Schilling had pulled over Plaintiff in the Village of Frazeysburg and taken him into custody. (Compl. ¶ 1, 39.) Furthermore, Plaintiff's Complaint does not allege sufficient facts to indicate that the search exceeded the scope of a permissible inventory search. Rather, Plaintiff asserts that the inventory search and impoundment violated his rights because the arrest and traffic stop were illegal. (Compl. ¶ 47–48.) Nevertheless, Defendants Smith and Lawler played no part in either the stop or arrest. Because Defendant's Smith and Lawler did not participate in the arrest, the source of the alleged constitutional violation, they are not the cause of this alleged violation. Because Plaintiff has failed to plead sufficient facts to demonstrate that Defendants Smith and Lawler caused a constitutional violation, Plaintiff's claims against Defendants Smith and Lawler fail as a matter of law.

Therefore, it is **RECOMMENDED** that the Court **GRANT** Defendants Smith and Lawler's Motions for Judgment on Pleadings and **DISMISS** Plaintiff's claims against them with prejudice.

### D. DEFENDANTS BIGLER AND THE VILLAGE OF FRAZEYBURG

Plaintiff also brings claims against Chief Cliff Bigler and the Village of Frazeysburg for their role in the traffic stop, search, and subsequent convictions. In particular, Plaintiff contends that Chief Bigler "has liability as supervisor." (Compl. ¶ 97.) Additionally, Plaintiff asserts that the Village of Frazeysburg practices "clandestine and Stallinistic types of policies" that ultimately "violated Plaintiff's rights." (*Id.* at 97.)

It is well established that, "Section 1983 liability must be based on more than mere respondeat superior." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Consequently, Plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* Likewise, municipalities are "not subject to liability pursuant to § 1983 on a theory of respondeat superior." *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008)(citing *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 691 (1978)). Nevertheless, "an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* (quoting *Bd. of County Comm'rs of Bryan County, Old. v. Brown*, 520 U.S. 397, 403-04 (1997)). Therefore, Plaintiff can hold the Village of Frazeysburg liable if he can prove "a custom of tolerance or acquiescence of federal rights violations." *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009)(quoting *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). Furthermore, for municipal liability, Plaintiff must establish "'a direct causal link'

between the policy and the alleged constitutional violation." *Graham ex. Rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004)(quoting *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001)).

Chief Bigler is entitled to judgment as a matter of law based on Plaintiff's pleadings. Plaintiff's sole assertion regarding Chief Bigler is that Chief Bigler is "liab[le] as [a] supervisor." (Compl. ¶ 97.) Plaintiff does not maintain that Chief Bigler authorized or approved of Officer Schilling's allegedly unconstitutional behavior in any way. Because § 1983 does not allow for this type of supervisor liability, Plaintiff's claims against Chief Bigler fail.

Plaintiff's claims against the Village of Frazeysburg present a closer issue. Plaintiff contends that the Village practices widespread customs that lead to the violation of Plaintiff's rights. (Compl. ¶ 96.) Plaintiff's assertions against the Village are general and only inferentially connected to Officer Schilling's behavior. Nevertheless, Plaintiff does put forth the basic argument, required under § 1983 for a claim against a municipality, that a custom of the Village of Frazeysburg "violated the Plaintiffs rights." (*Id.*) Furthermore, assessing Plaintiff's contentions against the Village within the context of his entire Complaint, it is clear that Plaintiff is asserting that Officer Schilling's actions arose out of the Village's broader customs. Accordingly, construing Plaintiff's *pro se* Complaint liberally, as the Court must, the Court concludes that he has met the requirements for municipal liability under § 1983.

Accordingly, it is **RECOMMENDED** that the Court **GRANT** Defendant Bigler's Motion for Judgment on the Pleadings and **DISMISS** Plaintiff's claims against him with prejudice. It is further **RECOMMENDED** that the Court **DENY** Defendant Village of Frazeysburg's Motion for Judgment on the Pleadings.

### E.  OFFICER SHILLING

Plaintiff also brings several Constitutional claims against Officer Jay Schilling. Specifically, Plaintiff claims include that Officer Schilling illegally stopped his car; arrested Plaintiff without probable cause; used excessive force in removing Plaintiff from his car; performed an unlawful search of Plaintiff's vehicle without consent prior to the impoundment and inventory search; unlawfully impounded Plaintiff's car; and gave false testimony at Plaintiff's trial. In his Motion for Judgment on Pleadings, Officer Schilling relies on other Defendants' *Heck* doctrine arguments.

Because the *Heck* doctrine does not apply in this case, it is **RECOMMENDED** that the Court **DENY** Officer Schilling's Motion for Judgment on the Pleadings.

## V. CONCLUSION

Based on the foregoing, Defendants' Motions to Strike First Amended Complaint (Doc. 42, 43) are **GRANTED**. The Clerk is ordered to **STRIKE** Plaintiff's First Amended Complaint (Doc. 40) from the record.

Plaintiff's Motion for More Time to Amend the Complaint (Doc. 68) is **DENIED**.

Finally, its is **RECOMMENDED** that the Court **GRANT** Defendants' Motions for Judgment on the Pleadings with respect to Chief Bigler, James E. Smith, and Jim Lawler's, **DISMISSING** Plaintiff's claims without prejudice, and **DENY** with respect to Officer Schilling and the Village of Frazeysburg.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's Report and Recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).


May 24, 2010                                    /s/ *Elizabeth A. Preston Deavers*
                                                    Elizabeth A. Preston Deavers
                                                    United States Magistrate Judge