# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

CRIAG MICHAEL KIRK,

      **Plaintiff,**

                                **Civil Action 2:09-cv-00583**

v.                                **Judge James L. Graham**

                                **Magistrate Judge E. A. Preston Deavers**

MUSKINGUM COUNTY OHIO, *et al.*,

      **Defendants.**

## <u>ORDER</u>

This matter is before the Court for consideration of the May 24, 2010 Report and Recommendation of the Magistrate Judge (Doc. 70). In the Report and Recommendation, the Magistrate Judge recommended that the Court grant Defendants' Motions for Judgment on the Pleadings with respect to Chief Bigler, James E. Smith, and Jim Lawler and dismiss Plaintiff's claims with prejudice,[1] but deny with respect to Defendants Jay Schilling (hereinafter "Officer Schilling") and the Village of Frazeysburg. On June 4, 2010, Defendants Officer Schilling and the Village of Frazeysburg filed Objections to the Report and Recommendation. (Doc. 73.) On June 8, 2010, Plaintiff filed his Objections to the Report and Recommendation. (Doc. 74.) For the reasons that follow, Defendants' Objections are **SUSTAINED** in part and **OVERRULED** in part. Furthermore, Plaintiff's Objections are **OVERRULED**.

---

[1] There appears to be a scrivener's error on page twelve of the Report and Recommendation, which recommends that Plaintiff's claims be dismissed without prejudice. (*See* Report and Recommendation 12.) Nevertheless, the body of the Report and Recommendation clearly indicates that the Magistrate Judge recommended that the Court dismiss the claims with prejudice. (*Id.* at 10–11.)

# I. BACKGROUND

A.  <u>Relevant Facts</u>

This matter arises from a traffic stop on September 1, 2007 in which Officer Schilling, a Village of Frazeysburg Police Officer, pulled Plaintiff over in his car.  According to Plaintiff, when he was unable to produce identification, Officer Schilling arrested him, pulled him out of his car, and placed him in a police car.  (Compl. ¶¶ 21, 23, 31.)  Plaintiff maintains that Officer Schilling was violent and used "brutal force" in pulling him out of his car and patting him down.  (Compl. ¶¶ 23–25.)  Officer Schilling asked Plaintiff if he could search his car and Plaintiff refused. (Compl. ¶¶ 31–32.)  Plaintiff asserts that after his refusal Officer Schilling searched his car. (Compl. ¶¶ 31, 38.)  Following the instructions of Officer Schilling, J & R Towing impounded Plaintiff's vehicle and performed an inventory search.  (Compl. ¶ 48.)  Plaintiff was later charged and found guilty of refusing to be tested for operating a motor vehicle while impaired, driving under suspicion of being impaired, and a head light violation.[2]

Plaintiff raises various constitutional claims under 42 U.S.C. § 1983 against Defendant Schilling concerning the traffic stop, the arrest, the search of his car, and his subsequent convictions.  Plaintiff also brings claims against the Village of Frazeysburg for its role in Officer

---

[2] The Court takes judicial notice, pursuant to Federal Rule of Evidence 201 of the Muskingum County Court Sentencing Entry in *State of Ohio v. Kirk*, Case No: TRC 0705102 (Muskingum County 2008), indicating that Plaintiff was convicted of the three offenses.  (Doc. 19–1.)  Taking judicial notice of this document does not convert Defendants' Motion for Judgment on the Pleadings into a motion for summary judgment.  *See Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) (internal citation omitted) (noting that while Courts are typically limited to the pleadings in a motion to dismiss, "a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.")

Schilling's behavior.  Specifically, Plaintiff contends that the Village of Frazeysburg "practices long-standing, clandestine and Stallinistic types of policies, which violated [his] rights."  (Compl. ¶ 96.)  Plaintiff further outlines several abuses of police power that he asserts Village of Fazeysburg promotes, including the use of police to assault citizens and perform illegal traffic stops.  (*Id.*)

B.  The Report and Recommendation

The primary argument that the various Defendants make in their Motions for Judgment on the Pleadings is that, under the Supreme Court doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff has no cognizable claim under 42 U.S.C. § 1983 because Plaintiff's convictions have not been invalidated.  *See Heck*, 512 U.S. at 487 (mandating that in a § 1983 action, the Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").  The Magistrate Judge rejected this argument finding that Plaintiff was not in custody long enough to be able to obtain habeas review, and that, therefore, the *Heck* doctrine did not apply.  (Report and Recommendation 6–7 (citing *Powers v. Hamilton County Pub. Defenders Comm'n*, 501 F.3d 592, 603 (6th Cir. 2007)).)

After analyzing the applicability of the *Heck* doctrine, the Magistrate Judge further considered Plaintiff's claims against Defendants Smith and Lawler.  Specifically, the Magistrate Judge concluded in her Report and Recommendation that Plaintiff failed to plead "any facts that raise questions about the constitutionality of the impoundment and inventory search" of Plaintiff's

3

car. (Report and Recommendation 9.) Because these were the only activities Plaintiff alleged in his Complaint involving Defendants Smith and Lawler, the Magistrate Judge recommended that the Court dismiss the Plaintiff's claims against these Defendants.

Finally, the Magistrate Judge addressed Plaintiff's claims against Defendants Chief Bigler, the Village of Frazeysburg, and Officer Schilling. The Magistrate Judge recommended that the Court grant Defendant Bilger's Motion for Judgment on the Pleadings, but that the Court deny the Motions with respect to the Village of Frazeysburg and Officer Schilling. Specifically, the Report and Recommendation found that Plaintiff had met the pleading requirements for a § 1983 municipality claim against the Village of Frazeysburg. Additionally, the Magistrate Judge determined that because the *Heck* Doctrine did not apply, the Court should not dismiss the claims against Officer Schilling.

C. Defendants' Objections

On June 4, 2010, Officer Schilling and the Village of Frazeysburg filed their Objections to the Report and Recommendation. Defendants do not challenge the Magistrate Judge's analysis of the *Heck* doctrine or her other findings with respect to Plaintiff's § 1983 claim. Rather, Defendants maintain that the Court should dismiss Plaintiff's claims under the alternative argument they raised in their Motions for Judgment on the Pleadings. Specifically, Defendants contend that under Sixth Circuit precedent, Plaintiff's convictions estop Plaintiff from claiming that Officer Schilling acted without probable cause. (Defs.' Objection 2–3 (citing *Walker v. Schaeffer*, 854 F.2d 138 (6th Cir. 1998)).) Defendants further maintain that, because Plaintiff's arrest was lawful, Officer Schilling's search of his vehicle was also lawful. (Defs.' Objection 3.)

4

Accordingly, Defendants assert that the Court should grant their Motion for Judgment on the Pleadings.

D.  Plaintiff's Objection

On June 8, 2010, Plaintiff filed his own purported Objection to the Report and Recommendation.  Plaintiff states that he found the Report and Recommendation educational, and that he consents to the dismissal of Defendant Lawler, but that he also opposes the Report and Recommendation in part.  (Pl.'s Objection 1.)  Plaintiff's Objection does not raise any specific issues with the analysis of the Report and Recommendation.  Rather following his opening remarks about the Report and Recommendation, Plaintiff proceeds to raise a number of issues with discovery and Defendants' conduct in this case.  (Pl.'s Objection 2–10.)  The Magistrate Judge's Report and Recommendation, however, did not consider discovery issues and did not reach matters related to summary judgment.[3]  Consequently, the Court does not find the issues

_____

[3] The Court recognizes that Plaintiff has filed discovery motions which are currently pending.  (*See* Doc. 75–78, 82.)  The Court will address the discovery issues in a future order.  As the Magistrate Judge noted, in their Motion Defendants alternatively moved for summary judgment.  (*See* Doc. 63.)  Nevertheless, the Court agrees with the Magistrate Judge that, based on the current filings before the Court, it would be premature to rule on summary judgment.  The remaining Defendants may file motions for summary judgment by the dispositive motion deadline.  The Court will also deny Plaintiff's Motions for Judgment on the Pleadings or in the Alternative Motion for Summary Judgment (Doc. 45, 47) because the Court finds that Plaintiff is clearly not entitled to judgment on the pleadings or summary judgment at this time based on the contents of Plaintiff's Motions, as well as Plaintiff's Complaint and Defendants' Answers.  While claiming that certain facts are "undisputed," Plaintiff's Motions consist mostly of Plaintiff's own factual allegations, which Defendants dispute.  Furthermore, Plaintiff's Motions do not provide supporting evidence, such as affidavits or answers to interrogatories, nor do they accurately reflect the contents of Defendants' Answers.  Nevertheless, Plaintiff may re-file a motion for summary judgment, once the parties have completed discovery, before the December deadline.  Finally the Court also refuses Plaintiff's request to strike the Answer of Defendants Love, Brady, Shawger, Winters, Lane, Lutz, Stevenson, and Muskingum County as the record reflects that the Answer was timely filed.  (*See* Docs. 5, 15, 48.)

Plaintiff raises relevant to the decision regarding the Report and Recommendation.  Even assuming that Plaintiff's filing is an attempt to object to the dismissal of Defendants Smith and Bigler,[4] the Court has performed a *de novo* review of these aspects of the Report and Recommendation and **OVERRULES** Plaintiff's Objections for the reasons the Magistrate Judge provides.

## II. STANDARD

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

In the instant case, Defendants have moved for judgment based on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  When considering a motion for judgment on the pleadings "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (internal quotation omitted).  Nevertheless, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible."  *Id.* (citing *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949-50 (2009)).  The Court need not

---

[4] Plaintiff, for example, does briefly mention Officer Smith and Chief Bigler in different sections of his purported Objection.  (*See, e.g.*, Pl.'s Objection 3–4.)

accept legal conclusions that a party couches as a factual allegation. *Id.* Additionally, a party may not simply recite the elements of a cause of action. *Id.* Finally, the Court acknowledges that it must apply a generally liberal standard in addressing *pro se* pleadings. *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 396 n.1 (6th Cir. 2010).

## III. LEGAL ANALYSIS

A. The *Walker* Doctrine

Construing his *pro se* Complaint liberally, Plaintiff claims that Officer Schilling unlawfully stopped and arrested him without probable cause; applied excessive force during the arrest; and unlawfully searched Plaintiff's vehicle prior to the impoundment and inventory of his vehicle, all in violation of 42 U.S.C. § 1983.[5] Plaintiff also seeks municipality liability against the Village of Frazeysburg for Officer Schilling's actions. Although Defendants do not separate Plaintiff's claims, they challenge all the causes of action and their Objections maintain that the Court should grant their Motion for Judgment on the Pleadings.

In their Objections, Officer Schilling and the Village of Frazeysburg rely on the Sixth Circuit's decision in *Walker v. Schaeffer*, 854 F.2d 138 (6th Cir. 1998). In *Walker*, the plaintiffs brought § 1983 false arrest and imprisonment actions against Ohio police officers. *Id.* at 139. Applying collateral estoppel principles, the *Walker* Court held that the plaintiffs could not assert that officers acted without probable cause because they had pled no contest to the underlying criminal charges in an earlier state court action. *Id.* at 142.

_____

[5] Plaintiff also raises claims about an inventory search performed after Officer Schilling's initial search of the vehicle. The Magistrate Judge recommended dismissal of these claims, finding that "Plaintiff does not plead any facts that raise questions about the constitutionality of the impoundment and inventory search themselves." (Report and Recommendation 9.)

7

The United State Court of Appeals for the Sixth Circuit has also applied *Walker* outside the context of guilty and no contest pleas, when a prior court has tried and convicted a plaintiff of a criminal offense. *Randles v. Gregart*, 965 F.2d 90, 91 (6th Cir. 1992) (finding that because a jury had tried and convicted the plaintiff of a criminal offense "the consideration of the existence of probable cause to support the seizure of the rifle by the deputy sheriffs and the citation of Randles charging a misdemeanor has been foreclosed by the state court judgment . . . ."); *see also Williams v. Jarvis*, 16 F.3d 1223, 1994 WL 28786, at *1 (6th Cir. 1994) (unpublished opinion) ("[Plaintiff] cannot prevail on his malicious prosecution claim because he was convicted of the charges filed against him.").  Although the Sixth Circuit has not explicitly addressed the relationship between *Walker* and the *Heck* doctrine, it has indicated in passing that the cases provide separate justifications for dismissal.  *See Hemphill v. Haglund*, 45 Fed. Appx. 519, 520 (6th Cir. 2002) (holding that a plaintiff's claim was not cognizable under *Heck* and that plaintiff's guilty plea estopped him from challenging probable cause); *Fox v. Michigan State Police Dept.*, 173 Fed. Appx. 372, 378 (6th Cir. 2006) (applying *Heck* and *Walker* separately).

Following general issue preclusion law, for *Walker* to apply, Plaintiff must have had a "full and fair opportunity to litigate" the relevant issues in the state court proceeding.  *Walker*, 854 F.2d at 142.  Specifically, the Supreme Court has noted that "'[r]edetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigations.'"  *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 481 (1982) (quoting *Montana v. United States*, 440 U.S. 147, 164 n.11 (1979)).  As this Court has also noted with respect to federal issue preclusion, "[i]n determining whether Defendants have had a full and fair

8

opportunity to litigate the issues, the Court must examine whether Defendants had the chance to present evidence and mount a defense against the criminal charges." *S.E.C. v. Blackwell*, 477 F. Supp. 2d 891, 901 (S.D. Ohio 2007) (holding that parties had a full and fair opportunity to litigate when they had an opportunity to testify, submit evidence, and cross examine witnesses, even when parties contended that the court placed improper restrictions on their cross examination). Furthermore, "alleged procedural trial errors" do not deny a party the opportunity to litigate unless they deprive that party of an ability to mount a defense. *Id.* at 902; *see also Jackim v. Sam's East, Inc.*, Nos. 07-3514, 08-4701, 2010 WL 2101962, at *4 (6th Cir. May 25, 2010) (noting, when considering whether a plaintiff had a fair opportunity to litigate, that the "[p]laintiff does not explain what discovery was withheld from her, or how she was prejudiced by the prosecutor's reluctance to provide a bill of particulars.").

In this case, the Court finds that the majority of Plaintiff's claims against Officer Schilling are estopped pursuant to *Walker*. Although his Complaint is unclear at times, Plaintiff essentially contends that Officer Schilling stopped his vehicle, placed him under arrest, impounded his vehicle, and imprisoned him without probable cause. (*See* Compl. ¶¶ 21–53.) As noted above, however, Plaintiff was convicted of refusing to be tested for operating a motor vehicle while impaired, driving under suspicion of being impaired, and a head light violation. Under *Walker*, these convictions estop Plaintiff from asserting a § 1983 action alleging that Officer Schilling was acting without probable clause.

The Court also finds that Plaintiff had a full and fair opportunity to litigate the issue of probable cause. Plaintiff's own Complaint indicates that a trial occurred in which he defended

himself. (Compl. ¶¶ 98–133.) Plaintiff also contends that he raised the issue of probable cause before the court. (Compl. ¶ 98.) Although Plaintiff has not explicitly stated that he was denied an opportunity to fully and fairly litigate the charges against him, Plaintiff's does maintain that the state court acted inappropriately during his trial.[6] In particular, Plaintiff asserts that the state court improperly denied his motion for an extension, as well as his discovery requests. (*See, e.g.*, Compl. ¶¶ 106, 127.) Additionally, Plaintiff asserts that the court inhibited his cross-examination of witnesses during trial.[7] Nevertheless, although the court might not have accepted Plaintiff's arguments or granted his motions, these actions, standing alone, do not permit the inference that the court denied Plaintiff an opportunity to litigate. Furthermore, the court's placement of restrictions on Plaintiff's presentation of his defense is not equivalent to the court denying him an opportunity to mount a defense.

Accordingly, the Court **SUSTAINS** Defendants' Objections and **GRANTS** Defendants' Motion for Judgment on the Pleadings with regard to Plaintiff's claims against Officer Schilling

---

[6] The Court notes that although it is required to interpret *pro se* pleadings and filings liberally, "the lenient treatment generally accorded to pro se litigants has limits." *Farah v. Wellington*, 295 Fed. Appx. 743, 748 (6th Cir. 2008) (internal quotation omitted). Plaintiff's assertions regarding his criminal trial are both difficult to decipher and internally inconsistent. (*See* Compl. ¶¶ 98–141.) For example, Plaintiff at one point implies that the court involuntarily forced him to take a plea agreement. (Compl. ¶ 134.) Nevertheless, the majority of Plaintiff's factual contentions indicate that a trial took place. (Compl. ¶¶ 98–133.) Furthermore, Plaintiff often makes bare accusations against the state court without providing any detail about what actually occurred during trial. (*See, e.g.*, Compl. ¶ 100 ("The Court [] dominated Plaintiff into the ground during said case.").)

[7] Plaintiff does not actually contend that the court refused him an opportunity to cross examine witnesses. (*See* Compl. ¶ 127.) Rather, he indicates that the court "stopped, and started" his "side of trial." (*Id.*)

and the Village of Frazeysburg, for false arrest, false imprisonment, and unlawful detention.

B. Plaintiff's Excessive Force Claim

In addition to claims involving a lack of probable cause, however, Plaintiff also maintains that Officer Schilling used excessive force in arresting him.[8]  There is no doubt that "individuals have a constitutional right not to be subjected to excessive force during an arrest, investigatory stop, or other 'seizure' of his person."  *Chappell v. City Of Cleveland*, 585 F.3d 901, 908 (6th Cir. 2009) (citing *Graham v. Connor*, 490 U.S. 386, 388, 395 (1989)).  The Court must apply an objective reasonableness standard in analyzing whether an officer used excessive force during a seizure.  *Id.*  Specifically, "[d]etermining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."  *Graham*, 490 U.S. at 396.  Furthermore, a plaintiff "may 'allege use of excessive force even where the physical contact between the parties did not leave excessive marks or cause extensive physical damage.'"  *Miller v. Sanilac County*, 606 F.3d 240, 252 (6th Cir. 2010) (quoting *Morrison v. Bd. of Tr. of Green Twp.*, 583 F.3d 394, 400 (6th Cir. 2009)).

In his Complaint, Plaintiff contends that Officer Schilling grabbed Plaintiff's arm and violently pulled him to the back of his car using brutal force.  (Compl. ¶¶ 23–25.)  Taking these allegations as true, the Court finds that Defendants are not entitled to judgment as a matter of law

---

[8] The Report and Recommendation also acknowledged that one of Plaintiff's claims was that Officer Schilling used excessive force in removing Plaintiff from his car.  (Report and Recommendation 12.)  The Defendants Objections, however, make no specific assertions regarding the excessive force claim.

on the excessive force claim.  The trier of fact must determine if such force was objectively unreasonable under the circumstances.  Additionally, Plaintiff's excessive force claim is outside the scope of *Walker*.  Specifically, even with probable cause to seize and arrest the Plaintiff for the relevant traffic offenses, Officer Schilling was not entitled to use an unreasonable level of force in conducting the arrest.  *See New v. Perry*, No. 2:07-cv-723, 2009 WL 483341, at *11 (S.D. Ohio Feb. 25, 2009) ("It is important to note, first, that the legality of the seizure of a suspect, and the alleged use of excessive force in accomplishing that seizure, are distinct inquiries."); *Cf. Schreiber v. Moe*, 596 F.3d 323, 333 (6th Cir. 2010) (internal quotation omitted) ("[A] claim of excessive force does not necessarily relate to the validity of the underlying conviction and therefore may be immediately cognizable.").  Therefore, the fact that Plaintiff is estopped from asserting that Officer Schilling lacked probable cause in arresting him does not necessarily invalidate his excessive force claim.

Accordingly, with regards to Plaintiff's excessive force claim, the Court **OVERRULES** Defendants' Objection and **DENIES** Defendants' Motion for Judgment on the Pleadings.[9]

C.  Plaintiff's Unlawful Search Claim

The final issue the Court must address relates to Plaintiff's claim that Officer Schilling

---

[9] In the Report and Recommendation, the Magistrate Judge concluded that the Plaintiff met the pleading requirements for a municipal liability claim against Village of Frazeysburg under § 1983.  (Report and Recommendation 11.)  The Magistrate Judge specifically found that the Complaint indicated that Officer Schilling's actions arose out of the Village's broader customs. (*Id.*)  Because Defendants have not challenged this analysis in their Objections, the Court finds it unnecessary to examine Plaintiff's claims against Village of Frazeysburg separately from those against Officer Schilling.  *See Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

12

violated his Fourth Amendment rights in performing a search of his car.  According to the

Complaint, Officer Schilling arrested Plaintiff, secured him in the back of a police car, and

proceeded to perform a warrantless search of Plaintiff's car without consent.  (Compl. ¶¶ 21–41.)

In their Objections, Defendants maintain that Plaintiff's lawful arrest entitled the police to search

Plaintiff's vehicle incident to arrest.  (Defs.' Objections 3.)  For the reasons that follow, the Court

disagrees.

      In a recent opinion, the Supreme Court clarified the framework for assessing whether

police may lawfully search a vehicle incident to arrest.  *See Arizona v. Gant*, -- U.S. ---, 129 S.Ct.

1710 (2009).  The *Gant* Court held that it was unreasonable for officers, who had arrested Gant

for driving under a suspended license and secured him and other arrestees in patrol cars, to search

Gant's car incident to arrest.  129 S.Ct. at 1719.  The Court reasoned that "the police could not

reasonably have believed either that Gant could have accessed his car at the time of the search or

that evidence of the offense for which he was arrested might have been found therein . . . ."  *Id.*

The Court concluded:

> Police may search a vehicle incident to a recent occupant's arrest only if the
> arrestee is within reaching distance of the passenger compartment at the time of
> the search or it is reasonable to believe the vehicle contains evidence of the offense
> of arrest. When these justifications are absent, a search of an arrestee's vehicle will
> be unreasonable unless police obtain a warrant or show that another exception to
> the warrant requirement applies.

*Id.* at 1723–24.

      In this case, the Court finds that Defendants are not entitled to judgment on the pleadings

for Plaintiff's search claim.  Plaintiff clearly states in his Complaint that Officer Schilling placed

13

Plaintiff in his police car before performing the search, and that Plaintiff refused to consent to the search.  (Compl. ¶ 31–32.)  Thus, there is little reason to believe Plaintiff would have been able to access his car.  Additionally, just as in *Gant*, the pleadings provide no indication that Officer Schilling had a reasonable belief that Plaintiff's vehicle contained evidence of the traffic offenses for which Plaintiff was arrested.

Accordingly, Defendants' Objections are **OVERRULED** and the Court **DENIES** Defendants' Motion for Judgment on the Pleadings with respect to Plaintiff's claim that his vehicle was unlawfully searched.

## IV.  CONCLUSION

Based on the foregoing, the Court **SUSTAINS** in part and **OVERRULES** in part the Objections of Defendants Officer Jason Schilling and the Village of Frazeysburg (Doc. 73) and **OVERRULES** Plaintiff's Objection (Doc. 74).  Consequently, the Report and Recommendation (Doc. 70) is **MODIFIED** in part and **ADOPTED** in part, and:

- Defendant James E. Smith's Motion for Judgment on the Pleadings (Doc. 19) is **GRANTED** and Plaintiff's claims against Defendant Smith are **DISMISSED** with prejudice.

- Plaintiff's Motions for Judgment on the Pleadings, or in the Alternative Motion for Summary Judgment (45, 47, 48) are **DENIED**.

- The Motion for Judgment on the Pleadings of Defendants Cliff Bigler, Jay Schilling, & the Village of Frazeysburg (Doc. 63) is **GRANTED** in part and **DENIED** in part.  Plaintiff's claims against Defendant Bigler are **DISMISSED** with prejudice.  Plaintiff's excessive force and unreasonable search claims against Defendants Schilling and the Village of Frazeysburg remain, while the rest of Plaintiff's claims against these Defendants are **DISMISSED** with prejudice.

- Defendant Jim Lawler's Motion for Judgment on the Pleadings (Doc. 64) is **GRANTED**

and Plaintiff's claims against Defendant Lawler are **DISMISSED** with prejudice.

•       The Clerk is **DIRECTED** to enter judgment in favor of Defendants James E. Smith, Jim Lawler, and Cliff Bigler.

   **IT IS SO ORDERED.**

Date: September 17, 2010                    _____s/James L. Graham_____
                                            James L. Graham
                                            United States District Judge

15