

PLAINTIFF'S EXHIBIT 8

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| CRAIG MICHAEL KIRK | ) CASE NO. 2:09CV583 |
| Plaintiff, | ) JUDGE JAMES L. GRAHAM |
| v. | ) **ANSWER OF DEFENDANTS VILLAGE OF FRAZEYSBURG AND POLICE CHIEF CLIFF BIGLER** |
| MUSKINGUM COUNTY, OHIO, et al. | |
| Defendants. | ) (JURY DEMAND) |

Defendants Village of Frazeysburg and Police Chief Cliff Bigler, for their Answer to Plaintiff's Complaint, admit, deny and aver as follows:

### FACTS

1-20. Admit that on September 1, 2007 at approximately 12:29 a.m., Frazeysburg Police Officer Shilling lawfully stopped a motor vehicle operated by Plaintiff for failing to signal when turning and having only one operational headlight, and further admit that Plaintiff failed to produce his driver's license, insurance information and vehicle registration, and deny for want of information sufficient to form a belief the remaining allegations contained in Paragraphs 1-20.

21-31. Admit that Officer Shilling learned that Plaintiff's driver's license was under suspension since 1994, and further admit that Officer Shilling lawfully placed Plaintiff under arrest, and deny for want of information sufficient to form a belief the remaining allegations contained in Paragraphs 21-31.

32-50. Admit that pursuant to the lawful arrest of Plaintiff, the vehicle operated by Plaintiff was lawfully impounded and an inventory search was conducted, and deny for want of information sufficient to form a belief the remaining allegations contained in Paragraphs 32-50.

51-72. Admit that Plaintiff was transported to an Ohio State Highway Patrol Post where Plaintiff refused an alcohol breathalyzer test, and further admit that Officer Shilling issued to Plaintiff citations for operation of a vehicle under the influence, driving under suspension, and failure to display two operable headlights, and deny for want of information sufficient to form a belief the remaining allegations contained in Paragraphs 51-72.

73-94. Deny for want of information sufficient to form a belief the allegations contained in Paragraphs 73-94.

95. Deny for want of information sufficient to form a belief the allegations contained in Paragraph 95.

96. Deny the allegations contained in Paragraph 96.

97. Deny the allegations contained in Paragraph 97.

98-114. Deny for want of information sufficient to form a belief the allegations contained in Paragraphs 98-114.

115-127. Deny for want of information sufficient to form a belief the allegations contained in Paragraphs 115-127.

128. Admit that Plaintiff was found guilty, and deny for want of information sufficient to form a belief the remaining allegations contained in Paragraph 128.

129-143. Deny for want of information sufficient to form a belief the allegations contained in Paragraphs 129-143.

PLAINTIFF'S EXHIBIT

144-157.  Deny for want of information sufficient to form a belief the allegations contained in Paragraphs 144-157.

158-171.  Deny for want of information sufficient to form a belief the allegations contained in Paragraphs 158-171.

172-184.  Deny for want of information sufficient to form a belief the allegations contained in Paragraphs 172-184.

185-201.  Deny for want of information sufficient to form a belief the allegations contained in Paragraphs 185-201.

202-218.  Deny for want of information sufficient to form a belief the allegations contained in Paragraphs 202-218.

219-228.  Deny for want of information sufficient to form a belief the allegations contained in Paragraphs 219-228.

229-243.  Deny for want of information sufficient to form a belief the allegations contained in Paragraphs 229-243.

244-257.  Deny for want of information sufficient to form a belief the allegations contained in Paragraphs 224-257.

## CAUSES OF ACTION

1-39.  Reaffirm their previous admissions and denials in response to Paragraphs 1-39.

40-45.  Deny for want of information sufficient to form a belief the allegations contained in Paragraphs 40-45.

46.  Deny the allegations contained in Paragraph 46.

47-62.  Reaffirm their previous admissions and denials in response to Paragraphs 47-62.

63-105.  Reaffirm their previous admissions and denials in response to Paragraphs 63-105.

## AFFIRMATIVE DEFENSES

PLAINTIFF'S EXHIBIT 8-3

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Any injury or damage to Plaintiff was the result of his own conduct.

3. Any injury or damage to Plaintiff was the result of conduct of persons other than these answering Defendants.

4. Plaintiff assumed the risk of any injury or damage.

5. Any acts performed by Defendants were done in good faith and based upon probable and reasonable cause.

6. Defendants are entitled to absolute and/or qualified immunity.

7. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

8. Some or all of Plaintiff's claims are not ripe.

9. Plaintiff has failed to exhaust administrative remedies.

10. Plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel.

11. Plaintiff lacks standing.

12. Plaintiff has failed to mitigate damages.

13. Defendants are entitled to all defenses and immunities set forth in Chapter 2744 of the Ohio Revised Code and/or the common law of Ohio.



Respectfully submitted,

s/ Nick C. Tomino

NICK C. TOMINO (0021132)
TOMINO & LATCHNEY, LLC, LPA
803 E. Washington St., Suite 200
Medina, Ohio 44256
(330) 723-4656
*Attorney for Defendants Village of Frazeysburg and Police Chief Cliff Bigler*

## CERTIFICATE OF SERVICE

Counsel has been notified of this filing via the U.S. District Court's ECF System at the e-mail addresses listed on the system on this 30th day of July, 2009.

s/ Nick C. Tomino

NICK C. TOMINO (0021132)



PLAINTIFF'S EXHIBIT 8-5

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| CRAIG MICHAEL KIRK | CASE NO. 2:09CV583 |
| Plaintiff, | JUDGE JAMES L. GRAHAM |
| v. | **SEPARATE ANSWER OF DEFENDANT FRAZEYSBURG POLICE OFFICER SCHILLING (INCORRECTLY IDENTIFIED AS JAY SHILLING)** |
| MUSKINGUM COUNTY, OHIO, et al. | |
| Defendants. | |
| | (JURY DEMAND) |

Defendant Frazeysburg Police Officer Schilling (incorrectly identified as Jay Shilling), for his Answer to Plaintiff's Complaint, admits, denies and avers as follows:

## FACTS

1-20. Admits that on September 1, 2007 at approximately 12:29 a.m., Frazeysburg Police Officer Schilling lawfully stopped a motor vehicle operated by Plaintiff for failing to signal when turning and having only one operational headlight, and further admits that Plaintiff failed to produce his driver's license, insurance information and vehicle registration, and denies for want of information sufficient to form a belief the remaining allegations contained in Paragraphs 1-20.

21-31. Admits that Officer Schilling learned that Plaintiff's driver's license was under suspension since 1994, and further admits that Officer Schilling lawfully placed Plaintiff under

PLAINTIFF'S EXHIBIT

arrest, and denies for want of information sufficient to form a belief the remaining allegations contained in Paragraphs 21-31.

32-50. Admits that pursuant to the lawful arrest of Plaintiff, the vehicle operated by Plaintiff was lawfully impounded and an inventory search was conducted, and denies for want of information sufficient to form a belief the remaining allegations contained in Paragraphs 32-50.

51-72. Admits that Plaintiff was transported to an Ohio State Highway Patrol Post where Plaintiff refused an alcohol breathalyzer test, and further admits that Officer Schilling issued to Plaintiff citations for operation of a vehicle under the influence, driving under suspension, and failure to display two operable headlights, and denies for want of information sufficient to form a belief the remaining allegations contained in Paragraphs 51-72.

73-94. Denies for want of information sufficient to form a belief the allegations contained in Paragraphs 73-94.

95. Denies for want of information sufficient to form a belief the allegations contained in Paragraph 95.

96. Denies the allegations contained in Paragraph 96.

97. Denies the allegations contained in Paragraph 97.

98-114. Denies for want of information sufficient to form a belief the allegations contained in Paragraphs 98-114.

115-127. Denies for want of information sufficient to form a belief the allegations contained in Paragraphs 115-127.

128. Admits that Plaintiff was found guilty, and denies for want of information sufficient to form a belief the remaining allegations contained in Paragraph 128.

129-143.  Denies for want of information sufficient to form a belief the allegations contained in Paragraphs 129-143.

144-157.  Denies for want of information sufficient to form a belief the allegations contained in Paragraphs 144-157.

158-171.  Denies for want of information sufficient to form a belief the allegations contained in Paragraphs 158-171.

172-184.  Denies for want of information sufficient to form a belief the allegations contained in Paragraphs 172-184.

185-201.  Denies for want of information sufficient to form a belief the allegations contained in Paragraphs 185-201.

202-218.  Denies for want of information sufficient to form a belief the allegations contained in Paragraphs 202-218.

219-228.  Denies for want of information sufficient to form a belief the allegations contained in Paragraphs 219-228.

229-243.  Denies for want of information sufficient to form a belief the allegations contained in Paragraphs 229-243.

244-257.  Denies for want of information sufficient to form a belief the allegations contained in Paragraphs 224-257.

## CAUSES OF ACTION

1-39.  Reaffirms his previous admissions and denials in response to Paragraphs 1-39.

40-45.  Denies for want of information sufficient to form a belief the allegations contained in Paragraphs 40-45.

46.  Denies the allegations contained in Paragraph 46.



47-62.   Reaffirms his previous admissions and denials in response to Paragraphs 47-62.

63-105.   Reaffirms his previous admissions and denials in response to Paragraphs 63-105.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Any injury or damage to Plaintiff was the result of his own conduct.

3. Any injury or damage to Plaintiff was the result of conduct of persons other than this answering Defendant.

4. Plaintiff assumed the risk of any injury or damage.

5. Any acts performed by Defendant were done in good faith and based upon probable and reasonable cause.

6. Defendant is entitled to absolute and/or qualified immunity.

7. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

8. Some or all of Plaintiff's claims are not ripe.

9. Plaintiff has failed to exhaust administrative remedies.

10. Plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel.

11. Plaintiff lacks standing.

12. Plaintiff has failed to mitigate damages.

13. Insufficiency of service and/or service of process.

14. Defendant is entitled to all defenses and immunities set forth in Chapter 2744 of the Ohio Revised Code and/or the common law of Ohio.

Respectfully submitted,

*s/ Nick C. Tomino*



NICK C. TOMINO (0021132)
TOMINO & LATCHNEY, LLC, LPA
803 E. Washington St., Suite 200
Medina, Ohio 44256
(330) 723-4656
*Attorney for Defendant Frazeysburg Police Officer Schilling*

## JURY DEMAND

Defendant hereby demands a jury trial.

*s/ Nick C. Tomino*

NICK C. TOMINO (0021132)

## CERTIFICATE OF SERVICE

Counsel has been notified of this filing via the U.S. District Court's ECF System at the e-mail addresses listed on the system on this 7th day of August, 2009.

*s/ Nick C. Tomino*

NICK C. TOMINO (0021132)