**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CRAIG MICHAEL KIRK,**

        **Plaintiff,**

                                   **Civil Action 2:09-cv-00583**
**v.**                                **Judge James L. Graham**
                                   **Magistrate Judge E.A. Preston Deavers**

**MUSKINGUM COUNTY OHIO,** *et al.*,

        **Defendant.**

**ORDER AND REPORT AND RECOMMENDATION**

      This matter is before the Court for consideration of the Motion for Summary Judgment by Defendants Matt Lutz, Robert Stephenson, Shawn Brady, Brad Shawger, John Winters, and John Lane (ECF No. 91).  These Defendants (collectively the "County Defendants") maintain that Plaintiff's Complaint against them should be dismissed because the Plaintiff has failed to effect service.[1]  Additionally, the Court will consider the Motion for Summary Judgment of Defendants Village of Frazeysburg and Officer Schilling (ECF No. 95).  These Defendants (collectively the "Village Defendants") contend that there are no issues of material fact as to Plaintiff's excessive force and unreasonable search claims and that they are entitled to judgment as a matter of law.  For the reasons that follow, the Court **GRANTS** Plaintiff a **TWENTY-ONE (21) DAY** extension of time to effect service on the County Defendants.  The undersigned **RECOMMENDS** that the Court **DENY** the Motion for Summary Judgment of the County

---

[1] Defendants Matt Lutz, Robert Stevenson, Shawn Brady, Brad Shawger, John Winters and John Lane are employees of Muskingum County, Ohio.  Although Muskingum County, Ohio is also a named Defendant in this case, the Motion for Summary Judgment does not maintain that service is insufficient as to Muskingum County.

Defendants as moot in light of this extension.  Additionally, the undersigned **RECOMMENDS**
that the Court **GRANT** the Motion for Summary Judgment of the Village Defendants and
**ENTER JUDGMENT** in favor of the Village of Frazeysburg, Ohio and Officer Jay Schilling.

## I.  BACKGROUND

A.  Plaintiff's Allegations

Plaintiff, who is proceeding *pro se*, filed this action on July 8, 2009, alleging violations
of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights.  Plaintiff seeks damages
pursuant to 42 U.S.C. § 1983.

Plaintiff's claims arise from a September 2007 traffic stop.  Specifically, on September 1,
2007, Officer Schilling, a Village of Frazeysburg Police Officer, pulled Plaintiff's vehicle over.
Despite Officer Schilling's request, Plaintiff failed to produce a driver's license.  Officer
Schilling placed Plaintiff under arrest.  Following the arrest, Officer Schilling transported
Plaintiff to an Ohio State Highway Patrol Post.  At the patrol post, Plaintiff refused an alcohol
breathalyser test.  Ultimately, Plaintiff was charged in Muskingum County Court with refusing
the breathalyser test to determine if he was operating a motor vehicle while impaired, driving
under suspicion of being impaired, and a head light violation.  Plaintiff was found guilty of each
offence and sentenced to sixty days in jail.

In his Complaint, Plaintiff attempts to bring various constitutional claims regarding the
traffic stop, arrest, and his subsequent convictions.[2]  Following various motions for judgments on
the pleadings, the Court found that Plaintiff had successfully stated claims in his Complaint for

---

[2] In addition to his claims against Officer Schilling, Plaintiff asserts that Officer
Schilling's actions arose from the Village of Frazeysburg's widespread customs.

excessive force and an unreasonable search against the Village Defendants.[3] (Order 14, ECF No. 87.)

On or about January 3, 2008, Plaintiff began his sentence at Muskingum County Jail. According to Plaintiff's Complaint, he was released on March 3, 2008. Plaintiff asserts that during his sixty days in jail, he had a number of altercations with jail employees. Plaintiff's contentions include that the jail employees requested his social security number; ordered Plaintiff to take medical shots; ignored Plaintiff's requests for a chest x-ray; improperly promoted Christianity; denied Plaintiff access to legal material; and participated in the unauthorized practice of law.

Plaintiff raises claims against Defendants Muskingum County, Ohio, Deputy Sheriff Brad Shawger, Probation Officer Shawn Brady, Deputy Sheriff John Winters, Deputy Sheriff John Lane, Sheriff Matt Lutz, and Sheriff Robert Stephenson for alleged constitutional violations occurring at Muskingum County Jail.

B. Procedural Background

The County Defendants filed an Answer to Plaintiff's Complaint on July 28, 2009. In their Answer, the County Defendants maintain, in part, that Plaintiff failed to obtain service of process. (Muskingum County Defs.' Answer ¶ 20, ECF No. 5.) The County Defendants filed their Motion for Summary Judgment on October 22, 2010. Within the Motion, the County Defendants move for judgment solely based on lack of service. Defendants highlight defects with a number of the proofs of service Plaintiff provides. Additionally, Defendants rely on a signed letter from Kendra Gephart, who acted as Plaintiff's process server, to maintain that

---

[3] The Court dismissed the remainder of Plaintiff's claims arising from the traffic stop, arrest, trial, and impoundment of Plaintiff's vehicle. (*See* Order 14–15, ECF No. 87.)

Plaintiff never perfected service.  Finally, the County Defendants each attach affidavits in which they state that they have never received service in this case and have not authorized anyone else to accept service on their behalf.

       As noted above, the Village Defendants also move for summary judgment, maintaining that there is no genuine issue of material fact as to Plaintiff's remaining claims against them. The Village Defendants provide an Affidavit from Officer Schilling in which he denies using excessive or unnecessary force; affirmatively states that he used only the force necessary to take Plaintiff into custody; describes that he performed an inventory search of Plaintiff's car pursuant to the Village of Frazeysburg Police Department policy; and states that the Village of Frazeysburg had no policy promoting the violation of Plaintiff's constitutional rights.  (Schilling Aff. ¶¶ 5–6, 9, ECF No. 95-1.)  Additionally, the Village Defendants attach copies of the Frazeysburg Police Departments's Administrative Inventory of Lawfully Impounded Vehicles and Officer Schilling's Incident Report to their Motion.[4]  (ECF No. 95-1 at 4–7.)  The Village Defendants maintain that based on this evidence, Plaintiffs claims fail.  Finally, the Village Defendants maintain that Officer Schilling is entitled to qualified immunity as to each of Plaintiff's claims.

       Plaintiff opposes both of the Motions for Summary Judgment.  Although his response to the County Defendants is often unclear, Plaintiff maintains that he has completed service on the County Defendants.  Additionally, Plaintiff appears to maintain that to the extent service is untimely, good cause for the delay exists in his favor.  (*See* Objection  Muskingum County Defs.' Mot. Summ. J. 3, ECF No. 93.)  Plaintiff's briefing suggests that the County Defendants

---

[4]  Officer Schilling authenticates these documents in his Affidavit.  (Schilling Aff. ¶¶ 6, 8, ECF No. 95-1.)

have not been prejudice by any failure in service.  Additionally, Plaintiff emphasizes that the Court prefers to resolve cases on the merits rather than procedural technicalities and that he is entitled to some leniency because he is proceeding *pro se*.

Plaintiff also opposes dismissal of his excessive force and unreasonable search claims. Plaintiff focuses on challenging the Incident Report that the Village Defendants attached to their Motion for Summary Judgment.[5]  Plaintiff contends that he never received a copy of the Incident Report during discovery.  Furthermore, Plaintiff challenges the representation within the Incident Report that Officer Schilling was located in the "Huntington Bank Parking Lot" when he first saw Plaintiff's vehicle.[6]  Finally, without leave of the Court, Plaintiff submitted supplemental briefing, with attached documents, in further opposition to Defendants' Motions for Summary Judgment.[7]  (*See generally* Pl.'s Supp. Opp'n, ECF No. 100.)

---

[5]  Plaintiff appears to request Rule 11 sanctions against the Village Defendants in his response briefing for fabricating or withholding the Incident Report from him.  In Reply, the Village Defendants assert that they gave Plaintiff a copy of the relevant Incident Report in responding to Plaintiff's discovery requests.  (Village Defs. Reply 2, ECF No. 99; *see also* ECF No. 99-1.)  The undersigned finds that Plaintiff's request is procedurally improper.  Specifically, a motion for Rule 11 sanctions must be made separately from any other motion.  Moreover, before filing the motion, a party must give the opposing party a twenty-one day period to withdraw the challenged documents.  Fed. R. Civ. P. 11(c)(2).  Accordingly, to the extent Plaintiff seeks Rule 11 sanctions, the undersigned recommends that the Court deny the request.

[6]  Plaintiff also challenges the representation in the Incident Reports as to the timing of the matter.  (*See* Objection Schilling Mot. Summ. J. 2, ECF No. 96.)

[7]  Even considering these improperly filed materials, the undersigned does not find that the materials influence the analysis detailed below.  To the extent Plaintiff seeks reconsideration of any of the Court's previous Orders, the undersigned finds that Plaintiff has not demonstrated the necessary justification for the Court to revisit any of its previous Orders in this case.

5

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), the Court should render summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When applying this standard the " 'mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.' "  *Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 761 (6th Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, (1986)).  An issue of material fact exists when a " 'reasonable jury could return a verdict for the nonmoving party.' "  *Travelers Property Cas. Co. of America v. Hillerich & Bradsby Co., Inc.*, 598 F.3d 257, 264 (6th Cir. 2010) (quoting *Anderson*, 477 U.S. at 248).

In a motion for summary judgment the moving party "bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law."  *Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  In determining whether a moving party has met its burden, "[t]he evidence must be viewed in a light most favorable to the party opposing the motion, giving that party the benefit of all reasonable inferences."  *Smith Wholesale Co., Inc. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854, 861 (6th Cir. 2007).

If the moving party satisfies its burden, and the Court has provided adequate time for discovery, "the nonmoving party 'must present significant probative evidence' to demonstrate that 'there is [more than] some metaphysical doubt as to the material facts.' "  *Longaberger*, 586

F.3d at 465 (quoting *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993)). In other terms, "[t]he nonmoving party must present evidence sufficient to permit a reasonable jury to find in its favor." *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 399 (6th Cir. 2010) (citing *Anderson*, 477 U.S. at 252). Consequently "the party opposing the motion then may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). The Federal Rules of Civil Procedure further provide:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

## III.  LEGAL ANALYSIS

A.  <u>The County Defendants</u>

   1.  <u>Applicable Law</u>

The County Defendants move for summary judgment based on insufficient service pursuant to Federal Rule of Procedure 4. It is well established that "[d]ue process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). When a defendants challenges service, "the burden rests with the plaintiff to establish that service is properly made." *McCombs v. Granville Exempted Vill. Sch. Dist.*, No. 2:07-cv-00495, at *3

(S.D. Ohio Feb. 24, 2009).  This Court and other federal courts have held, however, that "[a] process servers' affidavit of service 'establishes a prima facie case of the account of the method of service and establishes a presumption of proper service.' " *Id.* (quoting *State Farm Auto. Ins. Co. v. CPT Med. Serv., Inc.*, No. 04-CV-5045, 2005 WL 2465818, at *1 (E.D.N.Y. Oct. 6, 2005)); *see also Relational, LLC v. Hodges*, 627 F.3d 668, 672 (7th Cir. 2010) ("To make a prima facie showing, the movant must simply produce a return of service identifying the recipient and noting when and where service occurred, thereby providing enough detail so the opposing party knows what evidence he must rebut.");  *S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) ("A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence.") (internal quotations omitted).

Pursuant to Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual by any of the following methods:

(1)     following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2)     doing any of the following:

   (A)     delivering a copy of the summons and of the complaint to the individual personally;

   (B)     leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

   (C)     delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

8

Fed. R. Civ. P. 4(e).[8]

Under Rule 4(m), a plaintiff must serve defendants within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). If a plaintiff does not complete service within this time he or she may show good cause for failure to effect service. *Id.* Upon a showing of good cause "the court must extend the time for service for an appropriate period."

Even if a plaintiff lacks good cause, it is within the Court's discretion to decide whether to dismiss that plaintiff's suit or extend time to serve. *Wise v. Dep't of Def.*, 196 F.R.D. 52, 56 (S.D. Ohio 1999) ("[T]his Court concludes that it may, in its discretion, extend the 120-day period for Wise to effect service on the Defendants, pursuant to the first clause of Rule 4(m), even absent a showing of good cause."). Specifically, Rule 4(m) provides that, in the absence of good cause for failure to perfect service, the Court "must dismiss the action without prejudice against that defendant *or* order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).[9]

The Advisory Committee Notes to Rule 4 provide some examples of when the Court might choose, in its discretion, to extend the period for service. *See* Fed. R. Civ. P. 4, Advisory Committee Notes (1993 Amendments). The Notes provide that "[r]elief [from dismissal] may be

---

[8] A plaintiff may also perform personal service under Ohio law, although this requires a written request for personal service with the clerk of the court. Ohio Civ. R. Proc. 4.1(B).

[9] Defendants cite *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994) for the proposition that absent a showing of good cause dismissal is mandatory. Nevertheless, *Habib* relied on a former timing provision, Fed R. Civ. P. 4(j) to reach this conclusion. Since that time the United States Court of Appeals for the Sixth Circuit has recognized that Rule 4(j) "was amended by current Rule 4(m), effective December 1, 1993." *Byrd v. Stone*, 94 F.3d 217, 219 n.2 (6th Cir. 1996). Under the clear language of Rule 4(m) the Court has the option to extend service time in lieu of dismissal. *See Wise*, 196 F.R.D. at 56 (contrasting Rule 4(j) and the Sixth Circuit's *Habib* decision with the current language of Rule 4(m)).

justified, for example, if the applicable statute of limitations would bar the refiled action, or if

the defendant is evading service or conceals a defect in attempted service." *Id.* Moreover, this

Court has outlined factors it considers in exercising its discretion under Rule 4(m), which

include:

> (1) whether a significant extension of time was required; (2) whether an extension
> of time would prejudice the defendant other than the inherent 'prejudice' in
> having to defend the suit; (3) whether the defendant had actual notice of the
> lawsuit; (4) whether a dismissal without prejudice would substantially prejudice
> the plaintiff . . . and (5) whether the plaintiff had made any good faith efforts at
> effecting proper service of process.

*Stafford v. Franklin Cnty, Ohio*, No. 2:04-CV-178, 2005 WL 1523369, at *3 (S.D. Ohio June 28,

2005) (quoting *Nehls v. Hillsdale Coll.*, No. 1:03-CV-140, 2004 LEXIS 8588, at *15 (W.D.

Mich. Feb. 20, 2004)); *see also Becker v. Warden Ross Corr. Inst.*, No. 2:05-CV-908, 2006 WL

2869567, at *4 (S.D. Ohio Oct. 5, 2006) (applying the same factors).

Finally, this Court has observed that "[a] *pro se* plaintiff is entitled to some degree of

leniency in the application of Rule 4's requirements 'to ensure that his case is justly resolved on

the merits rather than on the basis of procedural technicalities.' " *Su v. Cincinnati City*

*Prosecutor*, No. C-1-07-902, 2008 WL 3932320, at *2 (S.D. Ohio Aug. 20, 2008).

Consequently, "small errors in summons do not justify dismissal where service is in substantial

compliance with Rule 4." Nevertheless, a plaintiff's "*pro se* status does not relieve him of his

obligation to properly effect service of summons and complaint as required by the Federal Rules

of Civil Procedure." *Becker*, 2006 WL 2869567, at *3.

2. <u>Application</u>

The County Defendants maintain that Plaintiff has failed to properly serve them.

Attached to the Motion for Summary Judgment are affidavits from Defendants Brady, Lang,

Winters, Shawger, and Lutz, stating that Plaintiff has not served them with a copy of the Complaint in this case. (ECF Nos. 91-4–91-8.) Additionally, the County Defendants emphasize that Plaintiff has not filed a proof of service as to Defendant Stephenson.

The undersigned agrees that Plaintiff has failed to meet his burden of proving proper service as to Defendants Stephenson and Brady. As Defendants note, Plaintiff has not filed a proof of service as to Defendant Stephenson.[10] *See* Fed. R. Civ. P. 4(l) (requiring proof of service to be made with the Court). Moreover, Plaintiff's Proof of Service form for Defendant Brady does not actually indicate that Defendant Brady was served. (*See* ECF No. 15.)

The record and evidence are less clear as to Defendants Lane, Winters, Shawger, and Lutz. For these Defendants Plaintiff has filed Proof of Service forms, sworn to by Kendra Gephart, indicating that the summonses were personally served on the Defendants.[11] (ECF No. 37.) Each Defendant, however, swears that Plaintiff has not served him. In moving for summary judgment, Defendants rely heavily on an unsworn and unauthenticated letter apparently signed by Kendra Gephart. (*See* ECF No. 91-3.) Defendants maintain that this letter demonstrates that Plaintiff has not properly served Defendants Lane, Winters, Shawger, and Lutz. The undersigned, however, questions whether this letter is admissible.[12] *See Finch v. Xavier*

---

[10] In response to the Motion for Summary Judgment, Plaintiff states, in conclusory fashion, that he has served Defendant Stephenson by U.S. mail and attaches an unauthenticated receipt as evidence. (*See* Objection Muskingum County Defs.' Mot. Summ. J. 2, ECF No. 93; Ex. A., ECF No. 93-1.) To perfect service through certified mail, however, this Court's Local Rules require mailing through the Clerk's office. *See* S.D. Ohio Civ. R. 4.2.

[11] The city, state, and zip code are omitted from these Proof of Service forms. Nevertheless, the corresponding summonses—which Plaintiff has also filed—make clear that the summonses were delivered at a Zanesville, Ohio address. (*See* ECF No. 37.)

[12] Plaintiff may have waived any potential objection to this evidence because he first supplied it to the Court as an attachment to his attempted purported Amended Complaint (ECF

11

*University*, 689 F. Supp. 2d 955, 962 (S.D. Ohio 2010) (refusing to consider unsworn statements when ruling on a motion for summary judgment) (citing *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-69 (6th Cir.1991); *Zainalian v. Memphis Bd. of Educ.*, 3 F. App'x 429, 431 (6th Cir. 2001)).

Even assuming that Plaintiff has failed to effect service as to all of the moving Defendants, the Court finds that under the circumstances of the case an extension is justified. Defendants maintain that Plaintiff has not shown good cause to extend his service time. Although good cause may be lacking,[13] the factors the Court generally considers in exercising its discretion under Rule 4(m) weigh heavily in favor of extension. First, while the Complaint was filed in July 2009, Defendants have not demonstrated any prejudice, other than the inherent prejudice of having to defend in this suit, that would result from a brief extension of service time. Second, Defendants have had actual notice of this lawsuit for a significant time, as they filed an Answer twenty days after the Complaint and have been participating in the case ever since.[14] Third, because Plaintiff brings this action under 42 U.S.C. § 1983 for events that occurred in 2007 and 2008, statutes of limitations would likely bar him for refiling this action

No. 40–3) and then failed to object to its consideration in his responsive briefing. The Court, however, struck Plaintiff's Amended Complaint on the County Defendants' motion. (*See* ECF No. 43.) Accordingly, the undersigned questions whether it would be appropriate for the Court to now consider this evidence to support the County Defendants' Motion for Summary Judgment. Nevertheless, because the undersigned ultimately finds an extension for service justified, it is unnecessary to determine the ultimate admissibility of the Gephart letter.

[13] The undersigned finds it unnecessary to reach this issue.

[14] Defendants note that actual notice and lack of prejudice do not cure a lack of sufficient service. (*See* Reply 1, ECF No. 94 (quoting *LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999)). Notice and lack of prejudice are relevant factors, however, to determine whether the Court should exercise its discretion to extend a plaintiff's service time. *Stafford*, 2005 WL 1523369, at *3.

even if the case is dismissed without prejudice.  *See Banks v. City of Whitehall*, 344 F.3d 550,

553–55 (6th Cir. 2003) (applying a two year statute of limitations to § 1983 actions when the

action is brought in Ohio).  Furthermore, the record and briefing demonstrates that Plaintiff has

made a good faith effort, although unsuccessful, to serve Defendants in this case.  Specifically,

the record reflects that Plaintiff filed proof of service forms for all but Defendant Stephenson

who he apparently attempted to serve via mail.  Finally, the undersigned also notes that the

United States Court of Appeals for the Sixth Circuit has a strong "preference for deciding cases

on the merits."  *Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003).

 Under these circumstances, the undersigned finds that the most efficient and just

resolution of this issue is to grant Plaintiff an extension of service time as to all of the moving

Defendants without determining whether Plaintiff actually served Defendants Lane, Winters,

Shawger, and Lutz.  *See Mick v. Stanforth*, No. 2:08-CV-990, 2009 WL 1490571, at *2 (S.D.

Ohio May 27, 2009) (granting a plaintiff an extension of service time, without deciding the

ultimate service issue, where the evidence created uncertainty as to whether a defendant was

properly served, but demonstrated good cause for extension existed).  Specifically, because of

the inconclusive nature of the facts currently before the Court, an evidentiary hearing would

likely be necessary for the Court to decide whether certain moving Defendants were actually

served.  *See, e.g.*, *Lucas v. District of Columbia*, 505 F. Supp. 2d 122, 126 (D.D.C. 2007)

(finding that an evidentiary hearing was necessary where sworn affidavits presented conflicting

reports as to whether service occurred).  Because of the ultimate need for a service extension

regardless of the outcome of such a hearing, the undersigned finds that it will be in the best

interest of both parties to grant Plaintiff a modest extension of service time as to Defendants

Lutz, Stephenson, Brady, Shawger, Winters, and Lane at this time. Accordingly, the Court will

grant Plaintiff a twenty-one (21) day extension to serve the individual County Defendants,

mooting the County Defendant's Motion for Summary Judgment.[15]

B. The Village Defendants

    1. Applicable Law

    As noted above, the Village Defendants also move for summary judgment. Plaintiff's

first remaining claim against the Village Defendants is for excessive force. As the United States

Court of Appeals for the Sixth Circuit has found, " '[i]t is well-established that individuals have

a constitutional right to be free from excessive force during an arrest,' investigatory stop, or

other seizure under the Fourth Amendment." *Hanson v. City of Fairview Park, Ohio*, 349 F.

App'x 70, 81 (6th Cir. 2009) (quoting *Baker v. City of Hamilton*, 471 F.3d 601, 606 (6th Cir.

2006)). The Court analyzes excessive force claims "under an 'objective-reasonableness

standard, which depends on the facts and circumstance of each case viewed from the perspective

of a reasonable officer on the scene.' " *Coble v. City of White House, Tenn.*, 634 F.3d 865, 869

(6th Cir. 2011) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 251 (6th Cir. 2010)).

"Determining whether the force used to effect a particular seizure is 'reasonable' under the

Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the

individual's Fourth Amendment interests' against the countervailing governmental interests at

stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

    Additionally, Plaintiff brings a claim against the Village Defendants for an unreasonable

search of his car. The United States Supreme Court has emphasized that searches conducted

---

[15] The details of this extension are outlined in the conclusion section of this Report and
Recommendation.

without a warrant "are *per se* unreasonable under the Fourth Amendment--subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, --- U.S. ----, 129 S.Ct. 1710, 1716 (2009). One such exception exists for inventory searches conducted, in accordance with general procedures, when police impound vehicles. *See South Dakota v. Opperman*, 428 U.S. 364, 369, 376 (1976). Pursuant to " 'community caretaking functions,' and in the interests of public safety, police officers frequently assume custody of automobiles." *Bybee v. City of Paducah*, 46 Fed. Appx. 735, 737 (6th Cir. 2002) (citing *Opperman*, 428 U.S. at 368). Consequently, when taking a person into custody, police will generally have the authority to impound the vehicle. *See, e.g., Mechler v. Hodges*, No. C-1-02-948, 2005 WL 1406102 at *16 (S.D. Ohio June 15, 2005) ("The Fourth Amendment does not require a police officer to allow an arrested person to arrange for another person to pick up his car to avoid impoundment."). When impounding a vehicle, "[i]nventory searches undertaken pursuant to standard police procedures are reasonable." *United States v. Musick*, 291 Fed. Appx. 706, 721 (6th Cir. 2008). The Court therefore permits a search of a vehicle for inventory "prior to impoundment, even if the police have no probable cause to otherwise search the vehicle." *United States v. Campbell*, 486 F.3d 949, 958 (6th Cir. 2007) (citing *Opperman*, 428 U.S. at 375).

   2. <u>Application</u>

   Here, the Village Defendants have met their burden of demonstrating the absence of a genuine issue of material fact. Even disregarding the Incident Report to which Plaintiff objects, Officer Schilling has submitted a sworn affidavit concerning his September 2007 encounter with Plaintiff. (Schilling Aff., ECF No. 95-1.) In this affidavit, Officer Schilling avers that during his traffic stop and subsequent arrest of Plaintiff he used only the force necessary to take Plaintiff

15

into custody and place Plaintiff within his police vehicle. (*Id.* at ¶ 5.) Officer Schilling also explicitly denies using any excessive, unnecessary, violent, or brutal force during his arrest of Plaintiff. (*Id.*) Next, Officer Schilling explains that because of Plaintiff's arrest, it was necessary for him to impound Plaintiff's vehicle. (*Id.* at ¶ 6.) Officer Schilling states that he conducted an administrative inventory search of Plaintiff's vehicle, following the standards of the Village of Frazeysburg Police Department's inventory search procedure. (*Id.*) These facts, coupled with Plaintiff's failure to come forward with evidence disputing them, indicate that Officer Schilling is entitled to judgment in his favor. Specifically, they demonstrate that any force used against Plaintiff during the arrest did not rise to an unreasonable level and that Officer Schilling's search of Plaintiff's vehicle did not exceed the bounds of a standard inventory search.

In responding to the Village Defendants Motion for Summary Judgment, Plaintiff fails to present any probative evidence demonstrating that a reasonable jury could find in his favor. Plaintiff objects to the admission of Officer Schilling's Incident Report and challenges minor details within that Report. Specifically, Plaintiff maintains that Officer Schilling was not at the bank when he first saw Plaintiff's vehicle and that the times listed in the Incident Report are not precise. (*See, e.g.*, Objection Schilling Mot. Summ. J. 2, ECF No. 96.) Plaintiff, however, does not provide any evidence, whether through sworn affidavit or otherwise, indicating that Officer Schilling used an unreasonable level of force during his arrest. Furthermore, Plaintiff has not provided any evidence suggesting that Officer Schilling's search of his vehicle exceeded the bounds of an appropriate inventory search. Consequently, the undersigned finds that there is no genuine issue of material fact as to Plaintiff's claims against Officer Schilling and that Officer Schilling is entitled to judgment.

In the alternative, the undersigned finds that Officer Schilling is entitled to qualified immunity, at least as to the unreasonable search claim.  The United States Court of Appeals for the Sixth Circuit has outlined the application of qualified immunity:

> To determine whether qualified immunity protects an official whose conduct violated a constitutional right, the court must consider whether that right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If the constitutional right was not clearly established at the time of the challenged conduct, qualified immunity is proper because "an official could not reasonably be expected to anticipate subsequent legal developments." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

*Johnson v. Weaver*, 248 F. Appx 694, 698 (6th Cir. 2007).  In *Gant*, the Supreme Court held "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." 129 S.Ct. at 1723.  The Court acknowledged, however, that because of the broad understanding of vehicle searches incident to arrest prior to the decision "the doctrine of qualified immunity will shield officers from liability for searches conducted in reasonable reliance on that understanding."  *Id.* at 1723 n.11.

In this case, assuming Officer Schilling search was incident to arrest, he would still be entitled to qualified immunity.  Specifically, Officer Schilling's search took place prior to the Supreme Court's decision in *Gant*.  Accordingly, Officer Schilling's reliance on prior law, which set forth broader interpretations of a police officer's ability to search vehicles incident to arrest, was objectively reasonable.

Finally, the Village of Frazeysburg is also entitled to summary judgment.  Specifically, "[a] municipality cannot be held liable under § 1983 absent an underlying constitutional violation by its officers."  *Jones v. City of Cincinnati*, 521 F.3d 555, 560 (6th Cir. 2008) (citing

*City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).  Consequently, because Plaintiff has

failed to present sufficient evidence that Officer Schilling violated his constitutional rights,

Plaintiff's claims against the Village of Frazeysburg also fail.  Additionally, Officer Schilling's

sworn affidavit provides evidence, which Plaintiff has failed to rebut, that the Village of

Frazeysburg did not have any policy, custom, or practice encouraging the violation of Plaintiff's

constitutional rights.  (Schilling Aff. ¶ 9, ECF No. 95-1.)

### IV.  CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiff a **TWENTY-ONE (21) DAY**

extension of time to effect service on Defendants Matt Lutz, Robert Stephenson, Shawn Brady,

Brad Shawger, John Winters, and John Lane.  The undersigned cautions Plaintiff that this

twenty-one day period will run from the date this Report and Recommendation is issued, even if

any party objects.  *See* S.D. Ohio Civ. R. 72.3.  Plaintiff is further cautioned that failure to effect

service within the twenty-one day extension period may result in dismissal of his claims.

In light of the above analysis, it is **RECOMMENDED** that the Court **DENY** the Motion

for Summary Judgment by Defendants Matt Lutz, Robert Stephenson, Shawn Brady, Brad

Shawger, John Winters, and John Lane (ECF No. 91) as moot in light of the service extension.

The undersigned **RECOMMENDS** that the Court **GRANT** the Motion for Summary Judgment

of Defendants Village of Frazeysburg and Officer Jay Schilling (ECF No. 95), and **ENTER**

**JUDGMENT** in favor of Defendants Village of Frazeysburg and Officer Jay Schilling.

### V.  NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that

party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: April 19, 2011                                   /s/ *Elizabeth A. Preston Deavers*
                                                  Elizabeth A. Preston Deavers
                                                  United States Magistrate Judge